319 P.2d 473

STATE of New Mexico, Plaintiff-Appellee,

v.

Thomas Frank URIOSTE, Jimmy Gallegos, and Salomon Rivera, Defendants-Appellants.

No. 6240.

Supreme Court of New Mexico.

Dec. 18, 1957.

Dean S. Zinn, Santa Fe, for appellants.

Fred M. Standley, Atty. Gen., Fred M. Calkins, Jr., and Hilton A. Dickson, Jr., Asst. Attys. Gen., for appellee.

McGHEE, Justice.

This case involving the sufficiency and proof of charges against three minors of buying and drinking intoxicating liquors and violating the Santa Fe City Curfew ordinance for which they were committed to the Industrial School is here on direct appeal from the Juvenile Court of Santa Fe County under the provisions of the 1955 Juvenile Code, L.1955, Ch. 205, § 41 which provides as follows:

"Any interested party aggrieved by an order or decree of the court may appeal to the Supreme Court of New Mexico in the same manner as civil appeals are taken. * * *"

However, Art. 6, § 13 of the New Mexico Constitution limits the capacity of this court to hear appeals providing that:

"The district court shall have * * * appellate jurisdiction of all cases originating in inferior courts and tribunals in their respective districts."

Therefore, since the juvenile court is inferior to the district court and since Judge Carmody was sitting in his capacity as judge of the juvenile court and signed the order allowing the appeal as Juvenile Judge, this court does not have appellate jurisdiction of this case at this time, as § 41, Ch. 205, L.1955 is in direct conflict with Art. 6, § 13 of our constitution and is therefore unconstitutional.

This very situation has already been decided by this court in State v. Eychaner, 1937, 41 N.M. 677, 679, 73 P.2d 805, 807, involving the old juvenile court act where we held that there can be no direct appeal from the juvenile court to this court. Justice Sadler speaking for this court said:

"Our conclusion is that insofar as section 35-4114 applied to the juvenile court act (Laws 1917, c. 4) as amended by L.1921, c. 87, purports to confer a right of appeal directly from the juvenile court to this court, if it does, it violates the provisions of the Constitution hereinabove mentioned and is accordingly invalid."

This court is without jurisdiction to hear this case and the appeals are accordingly dismissed.

It is so ordered.

LUJAN, C. J., SADLER and COMPTON, JJ., and D. A. MacPHERSON, Jr., District Judge, concur.